ARMSTRONG & ARMSTRONG, INC.,
Plaintiff-Appellee,

v.

The UNITED STATES of America, acting By and Through Rogers C. B. MORTON, Secretary of the Department of the Interior, the United States Department of the Interior, its Bureaus, Agents, Servants and Representatives, Defendants-Appellants.

No. 73–1983.

United States Court of Appeals, Ninth Circuit.

April 10, 1975.

David M. Cohen, Atty., Civ. Div., Dept. of Justice, Washington, D. C. (argued), for defendants-appellants.

William B. Moore (argued), Seattle, Wash., for plaintiff-appellee.

OPINION

Before KOELSCH, BROWNING, and GOODWIN, Circuit Judges.

PER CURIAM:

The United States appeals from a judgment awarding bid preparation costs to an unsuccessful bidder on a government contract. We affirm for the reasons stated by the district court. 356 F.Supp. 514 (E.D.Wash. 1973).

 We agree with the district court that in the circumstances of this case appellee, as the displaced low bidder, had standing to sue. Scanwell Laboratories v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970); Merriam v. Kunzig, 476 F.2d 1233 (3d Cir. 1973); Wilke v. United States, 485 F.2d 180 (4th Cir. 1973); Cincinnati Electronics Corp. v. Kleppe, 509 F.2d 1080 (6th Cir. 1975); and Hayes International Corp. v. McLucas, 509 F.2d 247 (5th Cir. 1975).

We also agree with the district court that jurisdiction was conferred by the Tucker Act, 28 U.S.C. § 1346(a)(2). The invitation to bid, followed by submission of a bid, created an implied contract obligating the government to consider the bid fairly and honestly. Keco Industries, Inc. v. United States, 428 F.2d 1233, 192 Ct.Cl. 773 (1970); Continental Business Enterprises, Inc. v. United States, 452 F.2d 1016, 196 Ct.Cl. 627 (1971).

Finally, on the merits, we agree with the district court that the government acted arbitrarily, and in violation of its own regulations, by adjusting the total bid of another bidder, Bovee & Crail, in order to reconcile that total with the correct sum of the 82 item bids that comprised the overall bid.

The government could not know from the face of the bid whether the error lay in one of the component items or in the summation. Bovee & Crail stated that the error was in the addition. Correction of the total made Bovee & Crail the low bidder. If, however, it had appeared that Bovee & Crail was already the low bidder, Bovee & Crail could have informed the government that the error was not in the addition but in one of the component items, and thus maintain the higher bid. This opportunity to second guess one's bid after the bids have been opened subverts the competitive bidding process, and creates the potential for abuse that federal procurement regulations are designed to prevent.

Affirmed.